<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT LEE EDWARDS, | : | Civil No. 09-3979 (FLW) |
| Plaintiff, | : | |
| v. | : | <u>OPINION</u> |
| STATE OF NEW JERSEY, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

    ROBERT LEE EDWARDS, #243267B, Plaintiff <u>pro</u> <u>se</u>
    Adult Diagnostic & Treatment Center
    7 Wing/D-Dorm, 8 Production Way
    Avenel, New Jersey 07001

    EMILY ANNE SAMUELS, Deputy Attorney General
    Office of the Attorney General of State of New Jersey
    25 Market Street
    Hughes Justice Complex
    Trenton, NJ 08625

    PAUL J. SMYTH, Esq.
    Marks, O'Neill, O'Brien & Courtney, P.C.
    6981 North Park Drive, Suite 300
    Pennsauken, NJ 08109

**WOLFSON**, District Judge:

Plaintiff Robert Lee Edwards filed a Complaint and three Amended Complaints asserting deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights under 42 U.S.C. § 1983. Before this Court are seven motions: (1) Plaintiff's motion to voluntarily dismiss defendants University of Medicine and Dentistry of New Jersey ("UMDNJ"),

Dr. Abu, and Paula Azara (Dkt. 79); (2) the state defendants' motion to dismiss the Amended Complaint, see Fed. R. Civ. P. 12(b)(6), based on failure to exhaust administrative remedies (Dkt. 80); (3) Plaintiff's cross reply to challenge motion to dismiss (Dkt. 83); (4) Plaintiff's supplemental motion to challenge the motion to dismiss (Dkt. 84); (5) Correctional Medical Services ("CMS") defendants' motion for summary judgement based on failure to exhaust administrative remedies (Dkt. 91); and (6) Plaintiff's twin motions to supplement his rebuttal to defendants' motions (Dkt. Nos. 89, 93). For the reasons expressed below, this Court will grant Plaintiff's unopposed motion to dismiss the three defendants, administratively terminate Plaintiff's other motions and construe these submissions as opposition to defendants' motions, deny the state defendants' motion to dismiss, and deny the CMS defendants' motion for summary judgment.

## I. BACKGROUND

On April 13, 2011, Plaintiff filed a motion (Dkt. 79) for an order voluntarily dismissing three defendants from the Third Amended Complaint, i.e., UMDNJ, Dr. Abu, and Paula Azara. The substance of Plaintiff's declaration in support of the motion reads as follows:

> A review of the Court Records will indicate that back on October 19, 2010, the Honorable Lois H. Goodman, U.S.M.J., entered an ORDER granting me leave to file a Third Amended Complaint. (Docket No. 53).
>
> Resulting from my lack of legal kno[w]ledge, and the Court having refused to assign counsel to assist me, I may have made a legal blunder, by possi[b]ly not having exhausted Administrative Remedy(ies) prior to filing Third Amended Complain[t]. Therefore, rather than risking having entire complaint dismissed, I now move in the Court to have following defendant(s) excluded from Third Amended Complaint: (UMDNJ) University of Medical And Dentistry See Complaint at paragraph (16)[;] Doctor Abu See

> Complaint at paragraph (17)[;] RN, Paula Azara Se Complaint at paragraph (18).

(Dkt. 79-1 at 1-2.)

On April 18, 2011, through counsel, defendants George Hayman, Thomas Farrell, Dr. Ralph Woodward, and Michelle Ricci ("State Defendants"), filed a cross motion to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), supported by a brief. (Dkt. Nos. 80, 81.) Defendants base their motion to dismiss exclusively on the above quoted portion of Plaintiff's declaration. Specifically, defendants argue:

> In the instant motion brought by Plaintiff, to which Defendants now join, Plaintiff admits that he failed to exhaust his administrative remedies. In fact, he therefore seeks dismissal from the Complaint of UMDNJ, Dr. Abu See, and Registered Nurse, Paula Azara. (Docket Entry No. 79...)
>
> Along the same lines, since Plaintiff is voluntar[ily] dismissing the Complaint against the defendants named directly above, it follows that the Complaint against all the State Defendants must be dismissed with prejudice, including George Hayman, Thomas Farrell, Dr. Ralph Woodward, and Michelle Ricci. The failure to exhaust to which Plaintiff admits, necessitates the dismissal of all state Defendants.

(Dkt. 80-1 at 11.)

On August 11, 2011, defendants Correctional Medical Services, Inc., Dr. Allan Martin and David Meeker ("CMS defendants") filed a motion for summary judgment supported by a brief, the declaration of Paul J. Smyth (attorney for CMS defendants), and documents attached to Plaintiff's filings. The CMS Defendants argue: "THE CMS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT MUST BE GRANTED BECAUSE PLAINTIFF FAILED TO

EXHAUST HIS ADMINISTRATIVE REMEDIES PRIOR TO BRINGING SUIT." (Dkt. 91-4

at 2.)   As factual support, the CMS defendants assert in their brief:

> In the case at hand, the documents Plaintiff produced with his initial Complaint demonstrate that he failed to exhaust his administrative remedies prior to bringing this action.  *See documents bates-stamped Pa18, 19 & 21*, hereto attached as Exhibit "A."  These documents represent one singular Inmate Remedy System form ("IRF") that was allegedly submitted in July 2009, some nine (9) months after he received surgery for the back complaints that form the basis of his Complaint.  As seen on Pa21, Plaintiff failed to exhaust the administrative remedy system by not appealing the staff response.  *Id.*, part 4.
>
> Furthermore, Plaintiff's submissions included with his Opposition (Docket entry 84) to co-defendant NJDOC's motion to dismiss (Docket entry 80) do not support his argument that he exhausted his administrative remedies prior to initiating this action.  *See documents bates-stamped Pa 3-7*, hereto attached as Exhibit "B."  As evidenced on the documents, they are dated October 24, 2010, some 14 months after he filed the initial complaint.  *Id.*  Moreover, the IRF was not signed as being received by any corrections or medical employees.  Likewise, the IRF clearly demonstrates that he did not exhaust his remedies pertaining to this IRF in any fashion in that only the initial section (part one) is completed.
>
> Lastly, in his motion to dismiss the complaint as to UMDNJ, DR. Abu and Paula Azara, R.N., Plaintiff acknowledged his failure to exhaust the administrative remedies available to him.  *See Document 79-1, ¶ 6, Plaintiff's Declaration*, hereto attached as Exhibit "C."  By his own admission, Plaintiff failed to meet the statutory requirements, as set forth in the Prison Litigation Reform Act.  Hence, Plaintiff's Third Amended Complaint must be dismissed as against the CMS Defendants.

(Dkt. 91-4 at 9-10.)

## II.  DISCUSSION

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), contains an administrative exhaustion requirement for prisoners seeking relief for prison conditions.  The statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

New Jersey prison regulations set forth a two-step Inmate Remedy System which permits inmates to "formally communicate with correctional facility staff to request information from, and present issues, concerns, complaints or problems to the correctional facility staff."  N.J. ADMIN. CODE § 10A:1-4.1(a)(1) (effective June 16, 2008).  Under the first step, an inmate deposits either a Routine Inmate Request, an Interview Request, or an Urgent Request, in a designated collection box.  See N.J. ADMIN. CODE §§ 10A:1-4.4(f); 10A:1-4.5.  Correctional facility staff must review and respond to the initial request "within 30 calendar days unless the request is determined to be an urgent request or a request is determined to require further deliberation."  N.J. ADMIN. CODE § 10A:1-4.5(e).  If the inmate is dissatisfied with the response, then he or she may submit an Administrative Appeal within 10 calendar days.  See N.J. ADMIN. CODE § 10A:1-4.6(b).  The prison administrator or designee must respond to the appeal within 10 business days.  See N.J. ADMIN. CODE § 10A:1-46.(c).  The Administrative Appeal is the final

level of review and completes the administrative exhaustion process.[1]  See N.J. ADMIN. CODE § 10A:1-4.6(d).

Defendants correctly contend that "exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007); see also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory"); Booth v. Churner, 532 U.S. 731, 734 (2001) (prisoners must exhaust available administrative remedies, even where the relief sought cannot be granted in the administrative process).  However, defendants' moving papers and briefs fail to recognize that "failure to exhaust is an affirmative defense under the PLRA, and [ ] inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones 549 U.S. at 216; accord Ray v. Kertes, 285 F. 3d 287, 295 (3d Cir. 2002) ("failure to exhaust is an affirmative defense to be pleaded by the defendant").  This means that the burden to prove the failure to exhaust is on defendants.  See Jones, 549 U.S. at 204.

In this case, defendants' motions to dismiss and for summary judgment rely exclusively on documents attached to Plaintiff's Complaint, as amended, and on Plainitff's declaration in support of his motion to dismiss UMDNJ, Dr. Abu and Paula Azara, as defendants.  It may be appropriate to dismiss a prisoner complaint based on failure to exhaust where that failure is "apparent from the face of the complaint," Ray, 285 F. 3d at 297, or the plaintiff expressly

---

[1] The regulations specify that the Inmate Remedy System, including an appeal, "must be utilized and fully exhausted prior to an inmate filing any legal action regarding information requests, issues, concerns, complaints, or problems." N.J. ADMIN. CODE § 10A:1-4.4(d).

concedes that he or she has failed to exhaust, id. at 293 n.5.[2]  However, in this case, Plaintiff makes no such concession, and failure to exhaust is not apparent from the face of the Complaint, as amended.  In fact, Edwards filed numerous submissions in opposition to defendants' motions, in which he claims to have exhausted his administrative remedies, with the *possible* exception of claims against UMDNJ, Dr. Abu, and Paula Azara (the defendants he is voluntarily dismissing). (Dkt. Nos. 79, 83, 84, 89, 93.)  "It may be . . . that the documents [Edwards] submitted to the District Court do not prove that he exhausted available remedies; however, as in Ray . . , they do not prove that he did not exhaust either.  To dismiss on this basis improperly places the burden on [Plaintiff], instead of on the defendants."  Oleson v. Bureau of Prisons, 411 Fed. App'x 446, 447 (3d Cir. 2011).  Because Edwards' filings do not concede failure to exhaust and defendants did not file affidavits based on personal knowledge proving that Edwards failed to exhaust administrative remedies, this Court will deny defendants' motion to dismiss and motion for summary judgment.  See Jones 549 U.S. at 216; Oleson, 411 Fed. App'x at 447; Ray, 285 F. 3d at 295.

---

[2] See Jones, 549 U.S. at 215 ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face") (quoting Leveto v. Lapina, 258 F. 3d 156, 161 (3d Cir. 2001) (internal quotation marks omitted); Ray v. Kertes, 285 F. 3d 287, 295 n.5 (3d Cir. 2002) (where "the plaintiff-prisoners explicitly conceded their failure to exhaust administrative remedies [on the face of the complaint, such] dismissals would thus fall within a district court's . . . power to dismiss . . . a complaint which facially violates a bar to suit").

## III.  CONCLUSION

The Court grants Plaintiff's motion to dismiss defendants UMDNJ, Dr. Abu and Paula Azara, construes Plaintiff's other motions as opposition to defendants' motions, and denies defendants' motion to dismiss and defendants' motion for summary judgment.


                                      s/Freda L. Wolfson
                                      **FREDA L. WOLFSON, U.S.D.J.**


Dated:  October 18  , 2011