NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT LEE EDWARDS,

              Plaintiff,

        v.

CORRECTIONAL MEDICAL SERVICES, INC., et al.,

              Defendants.

Civil Action No. 09-3979 (MAS)

MEMORANDUM OPINION

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Corizon, Inc., f/k/a Correctional Medical Services, Inc. ("CMS"), Dr. Allan Martin ("Martin"), and David Meeker's ("Meeker") (collectively, "the CMS Defendants") Motion to Dismiss for failure to produce an expert medical report filed on March 9, 2012. (Defs.' Mot., ECF No. 101.) On March 29, 2012, *pro se* Plaintiff Robert Lee Edwards ("Plaintiff") filed Opposition to the Motion. (Pl.'s Opp'n Br., ECF No. 102.)[1] Defendants filed a Reply Brief on April 13, 2012. (Defs.' Reply Br., ECF No. 103.) The issue before the Court is whether Plaintiff requires an expert witness to establish malpractice, therefore subjecting the matter to dismissal based on Plaintiff's inability to procure an expert witness. The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For good cause shown, Defendants' Motion to Dismiss is DENIED.

---

[1] This response was originally filed as a cross-motion that was administratively terminated, and will be addressed and construed herein as an Opposition to Defendants' Motion to Dismiss.

I.     **BACKGROUND**

Plaintiff Robert Lee Edwards filed a complaint against Defendants CMS on August 10, 2009. (Pl.'s Compl., ECF No. 1.) On October 14, 2009, Plaintiff filed an Amended Complaint adding numerous additional parties, including Defendants Meeker and Martin. (Pl.'s Am. Compl. ECF No. 4.) Following a partially granted motion to dismiss, (Mar. 9th Ct. Op., ECF No. 29), Plaintiff filed his Second and Third Amended Complaints. (2d Am. Compl. and 3d Am. Compl., ECF Nos. 33, 53.) In Plaintiff's Third Amended Complaint, he alleges, pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2 (West 2012), that the CMS Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and the New Jersey Constitution. (3d Am. Compl. ¶¶ 35-49.) He also alleges that the CMS Defendants are liable for various state law tort claims. (*Id.* ¶¶ 34, 43-51.)

The following allegations are set forth in Plaintiff's original Complaint and Third Amended Complaint.[2] For over ten years, while incarcerated in New Jersey State Prison, Plaintiff suffered from severe back and leg pain that CMS medical staff treated with only heat packs and over-the-counter medication. (Pl.'s Compl. ¶ 4.) Despite numerous complaints that the treatment was not helping and that the pain was increasing, CMS delayed referring him to a specialist until a sufficient number of prisoners had accumulated on their list for referrals. (3d Am. Compl. ¶¶ 30, 32.) Over ten years after his first complaint, Plaintiff alleges he was finally sent to Dr. Pizzi, who diagnosed him as having two degenerated discs and a bone spur pressing on his sciatic nerve, which Dr. Pizzi removed through surgery on October 9, 2008. (Pl.'s Compl. ¶ 4.) Plaintiff alleges that he now suffers permanent physical impairment due to nerve damage,

---

[2] Plaintiff failed to include certain facts in his amended complaint that appeared in his original complaint. Because Plaintiff is proceeding *pro se*, the Court must read his complaint liberally. Therefore, for purposes of this motion, the Court will consider facts included in both the Complaint and Amended Complaint.

which he alleges could have been avoided with timely surgery. *Id.* The CMS Defendants have moved to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that without an expert witness Plaintiff cannot adequately present a claim. (Defs.' Mot.)

## II.    LEGAL STANDARD AND ANALYSIS

In considering a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine whether, considering the facts in the light most favorable to the non-moving party, the Plaintiff has alleged facts sufficient "to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In making this determination, "the District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct.at 1949). The Supreme Court has instructed that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Third Circuit further instructed district courts to be especially liberal when construing complaints by prisoners. *Spruill v. Gillis*, 372 F.3d 218, 236 n.12 (3d Cir. 2004).

Plaintiff presents a claim under 42 U.S.C. § 1983 for a deprivation of his constitutional rights by persons acting under color of state law. Medical treatment issues have been specifically addressed under § 1983, and it has been concluded that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed

by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

Defendants filed this motion alleging that without an expert witness Plaintiff is unable to present enough facts to show deliberate indifference by the Defendants. (Defs.' Mot.) They liken this to the required expert witness in medical malpractice cases. "A successful malpractice claim requires a plaintiff to show, *inter alia*, that a duty of care existed and that the defendant breached that duty." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 579 (3d Cir. 2003) (citing *Rosenberg v. Cahill*, 99 N.J. 318 (1985)). "In the typical malpractice case, the duty of care . . . 'must be established by expert testimony.'" *Id.* (quoting *Rosenberg*, 99 N.J. at 825).

However, under the "common knowledge" doctrine, no expert is required when the jury's "ordinary understanding and experience" is sufficient "to determine a defendant's negligence without the benefit of specialized knowledge of experts." *Estate of Chin v. Saint Barnabas Med. Ctr.*, 160 N.J. 454, 469 (1999). A jury does not need the specialized knowledge of experts when "the issue of negligence is not related to technical matters peculiarly within the knowledge of medical . . . practitioners." *Sanzari*, 34 N.J. at 142. Pursuant to the common knowledge doctrine, "the jury itself is allowed 'to supply the applicable standard of care and thus to obviate the necessity for expert testimony relative thereto.'" *Rosenberg*, 99 N.J. at 325 (quoting *Sanzari*, 34 N.J. at 141). "The factual predicate for a common knowledge case is one where the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience." *Natale*, 318 F.3d at 579 (internal quotations omitted) (holding that a reasonable jury could conclude that defendant's personnel were negligent and underlying claim was not frivolous absent expert testimony, where defendant failed to assess how often plaintiff, an insulin dependent diabetic, needed insulin).

4

The deliberate indifference standard needed to establish a claim under § 1983 is not the same as negligence to establish a medical malpractice claim, *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970), and the need to show greater culpability often indicates a proof less reliant on expert medical witnesses, as it is tied to the conduct of prison officials who may or may not be medical practitioners. *See Monmouth Cnty. Corr. Inst'al Inmates v. Lanzaro*, 834 F.2d 326 346-47 (3d Cir. 1987) ("Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate to undue suffering deliberate indifference is manifest.") (internal quotations omitted); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *Todaro v. Ward*, 565 F.2d 48, 53 (2d Cir. 1977) (finding deliberate indifference where *prison officials* erect arbitrary and burdensome procedures that "result[] in interminable delays and outright denials of medical care to suffering inmates.") (emphasis added). In each of these cases, the courts recognized that deliberate indifference is less reliant on the intricacies of medical practice as laid out by an expert witness because "the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience." *Natale*, 318 F.3d at 579 (citing *Estate of Chin*, 160 N.J. at 469).

Plaintiff alleges in his complaint that Defendants ignored his reports of severe pain and requests for treatment for over a decade before providing him with a specialist for treatment. He further alleges that Defendants' policies required denying access to a specialist until an arbitrary quota of prisoners had requested the same treatment. In this case, Plaintiff's allegations are not manifested in specific medical conduct that shows deliberate indifference, but instead focus on the alleged delay in providing access to treatment by a medical specialist. This type of culpability shifts the proof required further outside the realm of the technical expertise that requires an

expert witness and is of the kind that is readily apparent to anyone of average intelligence and ordinary experience.

The Court, therefore, finds that expert testimony is not required for the Plaintiff to proceed against the CMS Defendants regarding his causes of action alleging medical malpractice or denial of adequate medical care.[3]

### III. CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendants' Motion to Dismiss is denied. An order will be entered consistent with this Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 12/13/12

---

[3] It is worth noting that the Plaintiff was previously denied *pro bono* counsel, in part, because, "[Plaintiff] has failed to argue that expert testimony will be required in the instant action; and . . . the Court may appoint one *sua sponte* if it becomes necessary." Therefore, the Court finds itself in similar circumstances as presented in *Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997). This Court refuses to use the lack of need for expert testimony as a "shield" to deny the Plaintiff's motion for *pro bono* counsel and then use the need for expert testimony as a "sword" to slay the Plaintiff's case. *Id.* at 460.